Adsit agt. Hall.

trial. If the question was before us it would, we think, admit of great doubt whether the plaintiff could allege a defect or omission in the proceedings affecting the right of a third person with whom he was not in privity, and who raises no question, and, so far as appears, makes no complaint.

We think the complaint was properly dismissed at the circuit, and that the order of the general term should be reversed and judgment entered for the defendant.

---

# SUPREME COURT.

MARY J. ADSIT, appellant, agt. THOMAS V. HALL, respondent.

*Code of Civil Procedure, sections 66–1296 — Attorney's lien — To what extent and how enforced — Appeal — Right of a plaintiff to stop the litigation after an adverse judgment upon the merits, is subject to the attorney's lien for his costs.*

Section 66 of the Code of Civil Procedure now gives an attorney a lien upon his client's cause of action, both before and after judgment in favor of the client, and at all intermediate stages of the cause of action. The lien is given upon the cause of action, and such lien attaches to any verdict, report, decision or judgment in his client's favor. The lien being upon the cause of action, must continue until a judgment is rendered in the action which is final, either for want of power to appeal or for failure to appeal in time, by which judgment it shall have been determined there was no cause of action, and so nothing to support a lien.

A client has not an absolute right to stop the litigation after a judgment upon the merits has passed against the cause of action; but the right of a plaintiff to stop the litigation after an adverse judgment upon the merits, is subject to the attorney's lien for his costs and the attorney's. approval.

The attorney has the right, at his own expense, to bring and prosecute an appeal from a judgment against his client, and against the wishes of such client, in order that the attorney may, if successful upon the appeal, obtain a new trial and a favorable judgment, and a chance of collecting his costs from the opposite side by means of such judgment.

*Special Term, February,* 1884.

Adsit agt. Hall.

THIS is a motion made by the plaintiff and appellant to stay the further prosecution of an appeal to the general term, from the judgment rendered in favor of the defendant and respondent at special term.

*S. Brown*, attorney for the motion.

*U. G. & C. R. Paris*, opposed.

POTTER, *J.* — This motion is somewhat extraordinary. From the original affidavits used upon this motion and copies of affidavits used upon a motion made by defendant to dismiss the appeal herein, it would appear that the plaintiff, by the Messrs. Paris, as her attorneys, commenced this action. That the same was tried at special term in September, 1882, and was decided in August, 1883, and judgment upon the merits entered for defendant in October, 1883. That after the decision and before the entry of the judgment the plaintiff wrote Messrs. Paris, her attorneys in the action, that she would not appeal, but would let the matter rest as the justice had decided it. This letter was received by the plaintiff's attorneys, but nevertheless they brought an appeal on or about the 9th day of November, 1883. One of the defendant's attorneys had been shown by the plaintiff her letter to her attorneys before sending it; that no case had been served upon defendant, and the time to make and serve a case had expired in November or December, and plaintiff's attorneys applied, upon notice, for leave to make and serve a case. This application was opposed by defendant upon the ground that plaintiff did not wish to prosecute the appeal. The affidavit of the plaintiff to the effect that she did wish the appeal prosecuted, and explaining her letter of September to her attorneys, was read upon that motion. The motion to make and serve a case was granted, without prejudice to a motion to dismiss the appeal.

At the succeeding January general term the defendant moved to dismiss the appeal upon an affidavit of plaintiff stating she did not wish the appeal prosecuted, made subsequent to the

motion for opportunity to serve a case, and explaining her letter and her affidavit read upon that motion. This motion was denied, upon the ground that defendant, by his attorneys, had no standing to make such a motion. The plaintiff now makes this application upon her own affidavit and by an attorney selected by her for that purpose.

In opposition to the motion are read affidavits of Mr. Noyes, his wife and daughter, to the effect that in November or December previous, and when the application for leave to serve a case was pending, the plaintiff desired to have the appeal prosecuted, and desired Mr. Noyes to write plaintiff's attorneys in relation to the same, and that Mr. Noyes should see to the matter for her.

The affidavit of plaintiff to the effect that the appeal was brought without her authority and was being prosecuted by her attorney against her wishes, was made January 29, 1884. There is nothing in the way of acts or declarations by the plaintiff since that date showing that she has any wish to have the appeal prosecuted, and it would perhaps have been prudent to look to that affidavit alone for the evidence of her wishes in relation to the appeal, and to have held it conclusive in that regard.

But for greater certainty, I directed, by order, the appointment of a referee who should take her answer to certain questions specified in the order, and that the referee should take her sworn answers to those questions at a time and place where neither the attorneys or counsel in this case, or any persons, should be present, and where there should be no opportunity to influence her answers.

That course has been pursued, and the plaintiff has answered under oath that she wishes to have her attorneys restrained from prosecuting this appeal, and that they are not authorized to bring the appeal, and that she refuses to have the appeal prosecuted, and that she is content with the judgment.

I must conclude, at least, that she does not wish the appeal

prosecuted in her name, and desires to have its further prosecution stayed.

It appears from the affidavits upon the motion that plaintiff's attorneys have not been paid anything for their services or their disbursements in this action, and that aside from her wardrobe, the plaintiff has no property except what is involved in this litigation, and that the interest or stipulated sum which she receives from the defendant, under the agreement which was sought to be modified or set aside in this action, is insufficient to meet her ordinary expenses and pay her debts.

It does not appear from the papers before me upon this motion, that the plaintiff's attorneys have ever presented any bill for their services or demanded payment for them, or that plaintiff has refused or offered to pay for the services, or that the amount of the bill or payment for services has ever been mentioned between the plaintiff and her attorneys at any time. There is no evidence of any settlement between plaintiff and defendant, and not sufficient evidence of any understanding or arrangement between them that the judgment should not be appealed from for the purpose or with the intent of affecting the costs of plaintiff's attorneys or their rights or lien as to costs.

Upon this state of facts this contention arises: First, whether the client has an absolute right to stop the litigation after a judgment upon the merits has passed against the cause of action, or whether the right of a plaintiff to stop the litigation after an adverse judgment upon the merits is subject to the attorney's lien for his costs and the attorney's approval; or, to put the question in another form, has the attorney the right to bring and prosecute an appeal from a judgment against his client against the wishes and at the expense of the client, in order that the attorney may, if successful upon the appeal, obtain a new trial and a favorable judgment, and a chance of collecting his costs of the opposite side by means of such judgment.

Prior to the statute of 1879 (sec. 66), the attorney had no lien

for his costs upon his client's cause of action. But after the attorney had recovered a judgment in favor of his client, the attorney had a lien upon the judgment for his costs. The court, however, would, where there was no lien, protect its attorney against a collusive settlement between the parties for the purpose of depriving the attorney of his costs.

To prevent such a result, the court would allow the attorney to proceed with the action and obtain a judgment against the defendant if the plaintiff had a good cause of action against him.

In case judgment had been recovered, and thus a lien had been created in favor of the attorney for costs, the court would allow the attorney to wield the judgment against the defendant for the purpose of collecting his costs if judgment had been paid or released after notice of the lien between the parties for purpose of depriving the attorney of his costs (*Caughlin* agt. *N. Y. C. and H. R. R. Co.*, 71 *N. Y.*, 443).

The general rule is, no doubt, that a party having a cause of action or a judgment, has a right to settle or dispose of it like other property, but nevertheless subject to the right and liens of others after notice of the same. The controversies usually arose between the attorney of the one side and the opposite side, but I can perceive no difference in the application of the principle involved, which is the protection of the attorney, whether he seeks protection from the acts of the opposite side, or of both sides, or of his own client. The controversy in this case arises between the plaintiff and her attorney. She desires not to appeal from the judgment against her, and her attorney asserts their right to have her appeal to protect their lien upon her cause of action.

Section 66 of the Code of Civil Procedure now gives an attorney a lien upon his client's cause of action both before and after judgment in favor of the client and at all intermediate stages of the cause of action.

It will be observed from the language of this section that the

lien is given upon the cause of action, and that such lien attaches to any verdict, report, decision or judgment in his client's favor. The lien is not in terms upon the judgment.

This lien being upon the cause of action, it seems `to me, must continue until a judgment is rendered in the action which is final, either for want of power to appeal or for failure to appeal in time, by which judgment it shall have been determined there was no cause of action, and so nothing to support a lien.

It seems to me unreasonable to hold that the lien ceases when a judgment has been rendered against the cause of action until such judgment becomes final; for such judgment may be reversed and the cause of action be established in favor of the plaintiff by another judgment.

If the first, and perhaps erroneous, judgment destroyed the lien, thereafter there could be no lien, for the statute provides that the commencement of the action shall create the lien, and not the reversal of a judgment, or any subsequent stage or condition of the action.

The logical sequence of holding the lien ceases by the first adverse judgment would be, that plaintiff's attorney would have no lien for his services, although the court should finally decide the plaintiff had a good cause of action, and his attorney had removed an erroneous judgment to have the cause of action established.

My conclusion is, that plaintiff's attorneys have a lien until it is finally determined there is not, and was not, at the time of the commencement of the action, a cause of action.

The next question is, whether the plaintiff's attorneys have the right to compel the plaintiff to prosecute, at her expense, the appeal brought by them, to determine whether the plaintiff has a cause of action, and to render their lien thereon available to them.

The statute has given the attorney a lien upon his client's cause of action, upon which the attorney has commenced an action. It is not perceived why this lien is, or should be, any different from any other lien which one man may give another

·upon any article of tangible property, or the lien which a party, by contract, may give his attorney upon the cause of action for his services.

In either case is the right or lien anything more than a *simple* lien? Does it involve or imply, without an agreement to that ·effect, any obligation upon the part of the party giving the lien, to prosecute the same at the expense of such party, or to allow the attorney to prosecute the lien in the name and at the expense of such party?

This species of lien, like any other lien, I apprehend, would be satisfied by the payment, or tender of payment, of the money it was given or intended to secure. But, until satisfied, it is a valuable and beneficial right of the attorney, and of which the ·courts should not permit its·officers, who have, in good faith, expended their talents, time and money, to be deprived any ·sooner or differently than they would others not officers of the ·court.

Their rights, while not any more sacred than the rights of such others, are not less sacred. Every claimant of a right should be permitted by the court to resort to any remedy most available for that purpose, and consistent with the power of the court ·and in accordance with its rules and protection.

What remedy has the plaintiff's attorneys to make their lien ·available under the circumstances of this case? As we have ·seen, a judgment has been rendered upon the merits against the plaintiff's cause of action. While that judgment remains the plaintiff has no cause of action, and her attorneys practically have, by the judgment, lost the benefit of their lien.

The plaintiff is not disposed to appeal, but is content with ·the judgment. But her attorneys, who have a lien upon the cause of action for what the plaintiff owes them, and which lien may be the only means by which they can secure payment of the debts, are not contented with the judgment. They wish to remove the judgment as an obstacle in the way of enforcing .the lien. An appeal has been brought, and is pending, by

means of which plaintiff's attorneys profess they will be able to remove the judgment and make their lien available.

The plaintiff does not deny that she owes the debt, but makes no offer or effort to pay it. Why should she refuse to allow her attorneys to prosecute the cause of action she professed to have against the defendant, at their own expense, to secure the debt she owes them, but has not the means or the disposition to pay them?

If the plaintiff's attorneys are right or sincere in thinking that the judgment, as an obstacle to their lien, can be removed, or if they prefer to resort to that mode to obtain payment of their debt rather than to bring an action directly against the plaintiff for the debt, why should they not be allowed to do so by prosecuting such appeal at their own expense, and assuring the plaintiff against all risk of costs to the defendant upon the appeal? Such a course seems to me to be manifest equity.

The plaintiff had or professed to have a cause of action against the defendant. She brought an action and retained attorneys to establish such cause of action. By so doing and by operation of law the attorneys acquired a lien or interest in such cause of action, and from the commencement of the action the plaintiff and her attorneys had an interest in that cause of action. The plaintiff may sacrifice or abandon the interest that she has in the cause of action, but she may not sacrifice or prejudice the interest which her attorneys have in it. Such right with corresponding remedy is plainly recognized, if not provided for, in section 1206 Code of Civil Procedure.

The plaintiff applies to the court, therefore, for a favor, and not an absolute right, under these circumstances. It should not be granted without protecting the rights of her attorneys, which are involved with her rights.

I think the proper order to be granted upon this motion would be substantially this, viz. : That the appeal herein be dismissed upon plaintiff paying or securing to pay plaintiff's attorneys for their services in this action down to the time when the judgment herein was entered, or in case the attorneys herein.

signify a willingness to abandon and release their lien, and to resort to plaintiff's personal liability for such services within a reasonable time; but in case the plaintiff does not pay or secure to pay, and the attorneys do not signify an election to abandon their lien and to resort to plaintiff's personal liability for their services, it should be ordered that plaintiff's attorneys be allowed to prosecute said appeal at their own expense, and upon furnishing the plaintiff with security, to be approved by a judge of this court, against the payment of any costs of the appeal that may be awarded to the defendants, or any liability therefor.